UNITED STATES of America

v.

Sergio ACUNA–RAMIREZ, Appellant.

No. 09–1435.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 29, 2009.

Filed: Oct. 29, 2009.

---

Donovan J. Cocas, Esq., Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, Christine A. Sanner, Esq., Office of United States Attorney, Erie, PA, for United States of America.

Candace Cain, Esq., Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before: SMITH, FISHER and NYGAARD, Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

Sergio Acuna–Ramirez pleaded guilty to one count of unlawful reentry in violation of 8 U.S.C. § 1326 for which he was sentenced to a twenty-four month term of imprisonment followed by deportation and two years of supervised release. On appeal, Acuna–Ramirez challenges the overall reasonableness of his sentence. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The circumstances giving rise to Mr. Acuna–Ramirez's conviction stem from a July 13, 2008, police stop in Ohio for traffic violations. Acuna–Ramirez, a citizen of Mexico, gave the police false identification and admitted that he did not have a work visa or green card. Having previously

been deported, he was subsequently charged with unlawful reentry in violation of 8 U.S.C. § 1326.

Acuna–Ramirez pleaded guilty as charged. Prior to sentencing, he submitted material to the District Court explaining his reentry. The defendant noted that his family faced a desperate financial situation in Mexico as a result of expenses incurred caring for his wife's disabled sister. Unable to secure full-time work, he returned to the United States hoping to find sufficient income to assist his family with his sister-in-law's medical expenditures.

By the date of the sentencing hearing Acuna–Ramirez had already served more than six months in custody. In calculating his Guidelines sentence, the District Court made initial findings that the total offense level was seventeen, his criminal history category was I, and thus the corresponding Guidelines range was twenty-four to thirty months of incarceration. While the base offense level for unlawful reentry is eight, the defendant had been previously convicted of a felony drug offense in Nevada, which added several levels to the base offense level.

Acuna–Ramirez argued for a downward variance from the Guidelines sentence because of his family's circumstances. In particular, he argued that his sister-in-law's medical condition constituted a mitigating factor that justified a variance so he could return home to Mexico and assist his family with the financial burden. Although the District Court was presented with several alternatives to the Sentencing Guidelines and recognized that Acuna–Ramirez helped to offset the expenses of his sister-in-law's care, the Court nevertheless denied a variance from the advisory range. As a result, the Court imposed a twenty-four month term of imprisonment followed by deportation and two years of supervised

release. Acuna–Ramirez timely appealed from his judgment of sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review sentences for both procedural and substantive reasonableness under an abuse of discretion standard pursuant to *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). *See also United States v. Tomko*, 562 F.3d 558, 567 (3d Cir.2009) (en banc) ("The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries."). To this end, "[w]e must first ensure that the district court committed no significant procedural error in arriving at its decision" and, if it has not, "we then review the substantive reasonableness of the sentence." *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir.2008). "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *Tomko*, 562 F.3d at 567.

## III.

On appeal, Acuna–Ramirez raises two challenges to his sentence. First, he asserts that the District Court erred when it rejected the defendant's motion for a variance under 18 U.S.C. § 3553(a) in light of Acuna–Ramirez's family circumstances. Second, he makes a substantive reasonableness argument by asserting that the imposition of a twenty-four month sentence was unreasonable and greater than necessary to comply with the purposes of sentencing. We will address each argument in turn.

## A.

■ Acuna–Ramirez contends that the District Court erred by employing the wrong standard in rejecting his argument for a downward variance, thus imposing a procedurally unreasonable sentence. The Government responds that the District Court undertook all three of the requisite steps prescribed by this court in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006), thereby securing the procedural reasonableness of the sentence.

Our post-*Booker* precedent requires district courts to engage in a three-step sentencing process that necessitates the following: (1) calculating a defendant's Guidelines sentence precisely as the court would have before *Booker*; (2) formally ruling on any departure motions; and (3) exercising discretion by considering the relevant 18 U.S.C. § 3553(a) factors. *Id.* To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at § 3553(a). *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir.2007).

The record here more than adequately demonstrates the District Court's meaningful consideration of the pertinent factors. In response to Acuna–Ramirez's argument that his extenuating family circumstances warranted varying his sentence, the Court "reviewed carefully the sad plight" of his sister-in-law and "cranked that into [its] sentencing calculous [sic]." (App.79.) Moreover, the District Court noted that the defendant's contribution toward ameliorating his family's economic situation was "a factor in the sentencing calculous [sic]." (App.80.) The Court also considered, "in addition to the advisory guideline range, various sentencing factors under § 3553(a)." (App.78.) This included the seriousness of the crime, Acuna–Ramirez's use of false identification, his criminal history, the

need for the sentence imposed to provide adequate deterrence and promote respect for the law, and the need to avoid unwarranted sentence disparities among similarly situated defendants. (App.78–79.) Therefore, the record is clear that the District Court considered Acuna–Ramirez's argument that he deserved a variance but was nevertheless unpersuaded.

Acuna–Ramirez takes exception to the District Court's use of the terms "extraordinary" and "unusual" at sentencing, questioning whether the Court treated the Guidelines range as mandatory—as opposed to merely advisory—based upon its use of pre-*Booker* language. That argument over semantics, however, is without merit. The District Court clearly states that it was required to consider the § 3553(a) factors "in addition to the *advisory* guidelines." (App.78.) (emphasis added).

In sum, Acuna–Ramirez has failed to meet his burden of demonstrating unreasonableness. Because there is no question that the Court acknowledged the advisory nature of the Guidelines and took the pertinent § 3553(a) factors into account before imposing the sentence, we cannot conclude that the sentence was procedurally unreasonable.

## B.

■ Acuna–Ramirez also contends, albeit indirectly, that the District Court imposed a substantively unreasonable sentence by including a term of imprisonment greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The Government asserts that Acuna–Ramirez waived the argument that his sentence was substantively unreasonable and that such a claim would fail anyway since the District Court carefully explicated how it arrived at the bottom of the

recommended Guidelines range consistent with the § 3553(a) factors. We need not address the Government's first argument since the latter prevails.

In addition to being procedurally reasonable, a sentence must also be substantively reasonable. *Lessner*, 498 F.3d at 204. We have explained that "[f]or a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *Id.* (quoting *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir.2006)). "The pertinent inquiry is 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.' " *Id.* (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir.2006)). Since we "recognize that 'reasonableness is a range, not a point,' " *Wise*, 515 F.3d at 218 (quoting *Cooper*, 437 F.3d at 332 n. 11), we will affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Wise*, 515 F.3d at 218.

The record reflects the District Court's reasonable application of the § 3553(a) factors to the circumstances of this case. The Court provided an analysis of its consideration of the relevant § 3553(a) factors and explained what influenced its sentencing decision. The District Court said that the defendant's sister-in-law's health condition was "[s]ad to be sure" and "cranked that into [its] sentencing calculous [sic]." (App.79–80.) But the Court also adequately discussed most, if not all, of the other § 3553(a) factors, as noted above. (App.78–79.) While the District Court may not have given Acuna–Ramirez's mitigating factor the weight he contends it deserved, that does not render his sentence unreasonable. *See Lessner*, 498 F.3d at

204. The Court here fashioned a Guidelines sentence based on "appropriate and judicious consideration of the relevant factors," *see id.*, and imposed a bottom-of-the-range sentence. Thus, we cannot conclude that Acuna–Ramirez's sentence was substantively unreasonable.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.